UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL VERDUGO,<br><br>  Petitioner,<br><br>  v.<br><br>CHRISTIAN PFEIFFER, WARDEN,<br><br>  Respondent. | Case No.   1:22-cv-00454-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. No. 3) |

Before the court is Petitioner's motion for an evidentiary hearing and motion to appoint counsel. (Doc. No. 3). Petitioner, a state prisoner, has pending a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 1, Petition). Petitioner requests an evidentiary hearing "on all constitutional claims presented in the instant habeas corpus petition," and further requests appointment of counsel because he is "completely ignorant of the law, and cannot afford to employ professional counsel in order to fully and fairly protect [his] legal interests." (Doc. No. 3).

**A. Motion for Evidentiary Hearing**

Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Petitioner filed the instant motion before Respondent was directed to respond to the Petition. The Court will review the briefing and make findings and

1

recommendations in due course. If the Court determines that an evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a).

**B. Motion for Appointment of Counsel**

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary. Petitioner was able to file his habeas petition without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex. Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations. Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court will consider appointing counsel to represent Petitioner if, after reviewing the record in further detail, the Court later finds good cause to permit discovery or decides that an evidentiary hearing is warranted in this matter.

Accordingly, it is ORDERED:

Petitioner's motion for an evidentiary hearing and for appointment of counsel (Doc. No. 3) is **DENIED without prejudice**.

Dated:   April 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE