# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL VERDUGO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Respondent. | Case No.: 1:22-cv-00454 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 16) |

　　Gabriel Verdugo is a state prisoner proceeding pro se with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　The assigned magistrate judge issued Findings and Recommendations recommending that the petition for writ of habeas corpus be denied on the merits, and that the Court decline to issue a certificate of appealability. (Doc. 16.) Specifically, the magistrate judge concluded that the state court's rejection of Petitioner's prosecutorial misconduct claim based on use of a "yellow-light" analogy to describe premeditation and deliberation was not contrary to clearly established federal law or based on an unreasonable determination of the facts. (*Id.* at 12-14.) The magistrate judge also concluded Petitioner's ineffective assistance claim based on trial counsel's failure to object to the prosecutor's closing argument failed because Petitioner could not show prejudice. (*Id.* at

15-16.) Next, the magistrate judge concluded Petitioner's instructional error claim failed because the state court reasonably concluded that any error was harmless beyond a reasonable doubt. (*Id.* at 20-21.) Finally, because none of Petitioner's proceeding claims had merit, the magistrate judge recommended Petitioner's cumulative error claim also be denied. (*Id.* at 21-22.) After receiving extensions of time Petitioner filed lengthy objections on September 29, 2025. (Doc. 22.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case and has carefully reviewed the entire matter, including the objections and exhibits attached thereto. Petitioner argues in his objections, among other things, that in deciding the prosecutorial misconduct claim: (a) the magistrate judge failed to cite and apply the correct federal standard (Doc. 22 at 2-3); (b) the trial court's instruction to follow the instructions over statements of the attorneys was insufficient to correct any error (*id.* at 3-4); and (c) additional instances of prosecutorial misconduct further increased the likelihood that the jury misapplied the law. (*Id.* at 5-6.) As to these objections, the Court finds they fail to meaningfully address the magistrate judges' reasoning, which noted, most fundamentally, that:

> [T]he appellate court correctly cited the applicable standard and concluded the prosecution's yellow light analogy was an appropriate illustration under California law of how "the decision or choice may be made very rapidly but after reflecting and weighing the consequences." (Doc. No. 14-1 at 1994). This Court is bound by the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").
>
> ***
>
> Because the prosecution's yellow light analogy did not rise to the level of a constitutional error, Petitioner cannot show that the state court's rejection of his prosecutorial misconduct claim was contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts.

(Doc. 16 at 13.)

Petitioner also challenges the magistrate judge's conclusion as to his ineffective assistance claim, arguing that the failure to object to the prosecutor's closing argument was not harmless and raising additional instances of alleged deficient performance by his trial counsel. (*Id.* at 7-13.)

Again, this fails to appreciate that the prosecutor's closing argument was, ultimately, not improper and thus did not render his trial fundamentally unfair. Given this, the Findings and Recommendations correctly concluded that Petitioner failed to show that the state court's rejection of his ineffective assistance claim was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor that it was based on an unreasonable determination of the facts. The additional instances of alleged deficient performance highlighted by Petitioner in his objections do not change that outcome, particularly since they do not appear to have been articulated in the Petition.

In challenging the conclusions as to his third ground for relief regarding the instructions given concerning voluntary intoxication, Petitioner fails to engage with the magistrate judge's discussion of the claim, which is well reasoned and correct. (*See id.* at 15-18.)

Finally, Petitioner argues that even if none of his first three grounds have merit, the cumulative effect of the errors warrants relief. (*Id.* at 18-19.) But, as the magistrate judge explained, absent a finding of any error on any of the proceeding grounds, the Court cannot find cumulative error. *Williams v. Filson*, 908 F.3d 546, 570 (9th Cir. 2018) (a court "cannot consider the cumulative effect of non-errors"); *see also McGill v. Shinn*, 16 F.4th 666, 684 (9th Cir. 2021). Thus, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the

petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 18, 2025 (Doc. 16) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **November 25, 2025**

UNITED STATES DISTRICT JUDGE